**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GERALD GWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:26-cv-00417 (UNA) |
| | ) | |
| ANGELA JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff has filed a *pro se* Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff purports to sue a single Defendant— a case analyst with the U.S. Supreme Court's Office of the Clerk—pursuant to 42 U.S.C. § 1983.  *See* Compl. at 1. He challenges the propriety of correspondence that he received from the Clerk, signed by the Defendant, denying his petition for writ of habeas corpus, denying his petition for re-hearing, and either denying or outright rejecting his repeated subsequent motions for miscellaneous relief and motions for court records. *See id.* at 2–7.   He contends that these letters contain little to no information regarding the basis for disposition, and do not explain or enclose a copy of the order entered on the docket, if any. He further alleges that the letters misconstrue facts and federal law, and were improperly rejected because his motions were, at times, addressed to specific justices, who were then responsible for adjusting them.  *See id*.   Finally, he asserts that Defendant intentionally exceeded her authority. *See id.* at 2, 4–8.  He demands that this Court direct the Clerk of the Supreme Court to provide him with court records and other documentation and he seeks $10,000 in damages.  *See id.* at 9–10.

First, Section 1983 does not apply to federal actors, *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Second, and even if it was appliable, Plaintiff cannot ask this Court to revisit actions taken by the Supreme Court's staff, because it bears no such jurisdiction. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Indeed, the D.C. Circuit has specifically instructed "that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.'" *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (quoting *In re Marin*, 956 at 340); *see Jordan v. Suter*, 116 F. App'x 288, 288-89 (D.C. Cir. 2004) (per curiam) (affirming dismissal of suit against Supreme Court case analyst, among other defendants, because "[t]he lower courts have no supervisory authority over the Supreme Court or its employees"); *Reyes v. Duggan*, 723 Fed. Appx. 3, 3 (D.C. Cir. 2018) (per curiam) (same), *cert. denied*, 586 U.S. 1210 (2019); *Windsor v. Harris*, No. 23-cv-03929, 2024 WL 1833901, at *1–2 (D.D.C. Apr. 15, 2024) (finding same and dismissing where the plaintiff sued the Clerk of the Supreme Court and a case analyst, alleging that his constitutional rights were violated due to defendants' denial of his motions and petitions, findings of untimeliness

relating thereto, the form of their letters, the lack of response to his inquiries, and ultimately, his lack of success in pursuing an action for mandamus before the Supreme Court), *aff'd*, No. 24-5138, 2025 WL 560870 (D.C. Cir. Feb. 20, 2025) (per curiam); *Green v. United States*, No. 15–0532, 2015 WL 3952292, at *1 (D.D.C. Jun. 24, 2015) (finding that the court did not possess subject matter jurisdiction over the plaintiff's claim that the Clerk of the Supreme Court and a case analyst removed evidence from his case file); *Hilska v. Suter*, No. 08–1123, 2008 WL 2596213, at *1 (D.D.C. Jun. 30, 2008) dismissing case against Clerk of the Supreme Court and Supreme Court case analyst who allegedly "failed to send [the plaintiff] copies of the decision rendered in his case"), *aff'd*, 308 Fed. Appx. 451 (D.C. Cir. 2009) (per curiam).

And "[e]ven less needs to be said to explain that a lower federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action." *Reddy*, 520 F. Supp. 2d at 132–33; *Steele v. Supreme Court of U.S.*, 255 Fed. Appx. 534, 534–35 (per curiam) (finding same and affirming trial court's dismissal with prejudice of an action filed against the Supreme Court and its Clerk and staff); *In re Lewis*, No. 99–5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same).

Additionally, and contrary to the Plaintiff's contentions, the Clerk of the Supreme Court and its staff are, in fact, authorized to review submissions and exercise their discretion in accepting or rejecting them. *See Thrasher v. Suter*, No. 11–1367, 2011 WL 3267933, at *1 (D.D.C. July 27, 2011) ("the Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders.") (quoting Sup. Ct. R. 1), *aff'd*, 473 Fed. Appx. 5 (D.C. Cir. 2012) (per curiam); *see also* Sup. Ct. R. 29 ("Any document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk in paper form."); Sup. Ct. R. 22 ("An application addressed to

an individual Justice shall be filed with the Clerk[.]"). And a federal district court bears no authority to determine whether the Clerk of the Supreme Court accepts or rejects a litigant's submission. *See Thrasher*, 2011 WL 3267933, at *1 (citation omitted).

Third, Plaintiff cannot seek damages arising from the alleged actions. A court, its judges, and its staff, are all immune from suit for damages for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993). Courts and their staff are absolutely immune "unless these actions are taken in the complete absence of all jurisdiction." *Sindram*, 986 F.2d at 1460; *Mireles*, 502 U.S. at 9 (same); *see Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) (finding that courts have "absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). Furthermore, a court and its staff "will not be deprived of immunity because the action . . . was in error, was done maliciously, or was in excess of . . . authority." *Mireles*, 502 U.S. at 12–13; *see Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court); *see also Windsor*, 2024 WL 1833901, at *2 (absolute immunity extends to Supreme Court case analysts); *Green*, 2015 WL 3952292, at *1 (same); *Straw v. Harris*, No. 20-cv-01281, 2020 WL 3297297, at *1 (dismissing claims against Supreme Court Clerk and case analysts because they were absolutely immune from suit where the plaintiff alleged that the defendants rejected his motion for rehearing), *aff'd*, 828 Fed. Appx. 725 (D.C. Cir. 2020) (per curiam); *Askew v. Suter*, No. 11–0927, 2011 WL 4937068 (D.D.C. Oct. 18, 2011) (same where the plaintiff alleged that the Supreme Court Clerk and a case analyst committed

errors in processing and denying his petition for writ of certiorari), *appeal dismissed*, No. 11–5310, 2012 WL 1450612 (D.C. Cir. Apr. 11, 2012).

Finally, insofar as Plaintiff contends that some or all of his motions for court records constituted FOIA requests, *see* Compl. at 4, the federal judiciary, including the Supreme Court, is not an agency; therefore, it is not subject to the FOIA, *see* 5 U.S.C. § 551(1)(B) (stating that "agency . . . does not include . . . the courts of the United States."); *Gaydos v. Mansmann*, Nos. No. 98-5002, 98-5003, 98-5005, 98-5013, 1998 WL 389104, at *1 (D.C. Cir. June 24, 1998) (per curiam) ("a Freedom of Information Act claim may not be brought against the federal judiciary.") (citing 5 U.S.C. §§ 551(1)(B), 552(f)); *Byers v. U.S. Tax Court*, 211 F. Supp. 3d 240, 245 (D.D.C. 2016) ("Because of Congress's clear statement, Article III courts are exempt from the reach of FOIA.") (collecting cases), *appeal dismissed*, No. 16-5363, 2017 WL 11779487 (D.C. Cir., May 16, 2017); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (finding that the FOIA "specifically excludes from its coverage 'the courts of the United States.'") (quoting 5 U.S.C. § 552(f)); *Boyd v. Trump*, 478 F. Supp. 3d 1 (". . . to the extent plaintiff intends to bring a FOIA claim against a federal court or court employees, the claim must also be dismissed.") (collecting cases).

For all of these reasons, the Complaint, ECF No. 1, and this matter, are dismissed without prejudice. Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, ECF No. 4, raising the allegations as presented in the Complaint, is denied for the same reasons. An Order consistent with this Memorandum Opinion is issued separately.

Date:   May 1, 2026                                      _____/s/_____
                                                                            RUDOLPH CONTRERAS
                                                                            United States District Judge